T.C. Summary Opinion 2011-40


UNITED STATES TAX COURT


CYNTHIA SUSAN RUHL AND JONATHAN B. KLINCK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14569-09S.                    Filed April 5, 2011.


Cynthia Susan Ruhl and Jonathan B. Klinck, pro sese.

<u>Kevin W. Coy</u>, for respondent.


GERBER, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year under
consideration.

this opinion shall not be treated as precedent for any other case.

Respondent determined a $1,106 income tax deficiency for petitioners' 2006 tax year. The parties now agree that the statutory deficiency is $906.99. Petitioners disagree with respondent's computation of the amount of their deficiency in payment. We must decide whether we have jurisdiction in this case to consider the amount, if any, of tax due.

## Background

Petitioners resided in California when their petition was filed. Pursuant to an extension, they timely filed their 2006 joint Federal income tax return (2006 return) on October 15, 2007. By a correspondence audit respondent examined petitioners' 2006 return and on December 22, 2008, mailed petitioners a notice of proposed changes. The proposed changes resulted in a $1,106 increase in tax for 2006 which was to be reduced by an "Amount Previously Paid" of $500, resulting in $606 of tax due without considering interest.

In a notice of deficiency (2006 deficiency notice) respondent determined that there was a $1,106 deficiency in petitioners' 2006 Federal income tax. The 2006 deficiency notice did not reference or give petitioners credit for the $500 "Amount Previously Paid" that was explained in the December 22, 2008, notice of proposed changes.

On their 2006 return petitioners reported an income tax liability of $61,950, which included $4,414 of alternative minimum tax (AMT). Petitioners also reported that they were liable for a $528 addition to tax under section 6654 for failure to pay estimated tax. Petitioners reported $67,983 in payments attributable to 2006, as follows:

| | |
|---|---|
| Tax withholding | $24,964 |
| Application of 2005 overpayment | 10,019 |
| Estimated tax payments | 13,000 |
| Paid with extension to file return | 20,000 |
| Total payments | 67,983 |

The net result of their reporting $67,983 in payments and $62,478 in tax and the addition to tax ($61,950 + $528) was a claimed overpayment of $5,505 which petitioners requested be applied toward their 2007 estimated tax liability.

Respondent's accounts agree with petitioners' reported payments with the exception of the $10,019 application of the 2005 overpayment. Instead of the $10,019 from the 2005 year, respondent's accounts reflected an overpayment of $9,014.70, or $1,004.30 less, resulting in $66,978.70 in total payments and, ultimately, resulting in a $5,143.69 overpayment to be credited by respondent to petitioners' 2007 estimated payments. When petitioners' 2006 return was processed at the Internal Revenue Service Fresno Service Center, respondent reduced the $4,414 of AMT reported by petitioners to $3,771, a difference of $643. The $643 decrease in AMT resulted in respondent's reducing

petitioners' claimed $5,505 overpayment by approximately $360 to $5,143.69 instead of reducing it by the $1,004.30 difference in payments between petitioners and respondent.

The parties now agree that respondent's reduction of petitioners' AMT was in error and that respondent should have assessed the $61,950 of tax petitioners originally reported. The parties' disagreement focuses solely upon the $1,004 difference in payments.

The $1,004 difference derives from a somewhat complex computation of the amount of overpayment that should have been applied from petitioners' 2005 tax year, which, in turn, concerns applications of other overpayment credits. Petitioners directed the application of a $6,882.94 overpayment for 2004 as an estimated payment on their 2005 income tax year. Subsequently, in a November 21, 2005, notice, respondent notified petitioners that $1,007.24[2] of their 2004 overpayment was being applied to an outstanding tax liability[3] for their 2002 tax year. Petitioners disagreed with respondent's application of the $1,007.24 as being in contravention of their direction and claimed the entire $6,882.94 overpayment from 2004 as a prepayment on their 2005

---

[2]The small difference between the $1,007.24 and the $1,004 that is in dispute is attributable to an unrelated adjustment about which there is no disagreement.

[3]Petitioners do not agree that they had an outstanding 2002 income tax liability. Respondent countered that the period for seeking a refund of the offset has expired.

income tax return. Conversely, respondent applied a credit of only $5,875.70 ($6,882.94 - $1,007.24) from 2004 for use as a payment in 2005.

After petitioners' 2006 return was audited, respondent, on September 22, 2008, sent petitioners an initial notice of adjustments. The notice contained the following two noncomputational proposed increases to income: Nonemployee compensation of $2,500 and interest income of $48. The adjustments, according to respondent's computation, resulted in a $1,527 income tax deficiency along with $142 of interest for a total amount due of $1,669.

In response to the September 22, 2008, notice, petitioners on October 24, 2008, sent a letter to respondent along with a 2006 Form 1040X, Amended U.S. Individual Income Tax Return. Petitioners included the $2,500 of nonemployee compensation in income and deducted $920 in expenses connected with the income for a net increase in income of $1,580. Petitioners also explained that they had included the $48 of interest on their original 2006 return and they did not include it again on their Form 1040X for 2006. Petitioners also submitted a $500 payment with their Form 1040X to pay the self-reported deficiency of $447, plus interest. Respondent did not process or formally accept petitioners' Form 1040X and instead on December 22, 2008, mailed petitioners a notice of proposed changes that would result

in a $1,106 income tax deficiency and proposed to allow petitioners a $500 credit for their payment so that the amount due including $105 in interest was $711. On March 16, 2009, respondent issued a notice of deficiency in which he determined a deficiency of $1,106. After issuing the deficiency notice, respondent admitted that the $1,106 deficiency was incorrect and reduced the deficiency by $199.01 to $906.99. The reduction is attributable to the allowance of expenses against the $2,500 of nonemployee compensation.

## Discussion

The question we consider is a simple one, although the underlying factual predicate is complex. Ultimately, the question posed by petitioners is whether respondent was entitled to disregard their explicit instructions to credit their entire 2004 overpayment as a prepayment for 2005 and, in turn, a prepayment for 2006. If petitioners' request had been honored, they would have no tax due for 2006. If, on the other hand, respondent was entitled to ignore petitioners' request, then petitioners are liable for the $447 unpaid portion of the $906.99 deficiency.

We begin by considering the definition of a deficiency. Under section 6211(a) a "deficiency" is the amount by which the tax imposed exceeds the excess of the sum of the amount shown as tax by the taxpayer upon the return plus the amounts previously

assessed (or collected without assessment) as a deficiency over the amount of rebates made. This definition has been described as the "statutory deficiency". The parties do not disagree about the amount of the statutory deficiency. See supra p. 2.

Respondent argues that this Court's jurisdiction is limited to redetermining the amount of the income tax deficiency and that the Court has no authority to consider any payment credits in connection with the determination of the statutory deficiency.

Petitioners believe that the Court has jurisdiction to consider any aspect of the 2006 tax year, including the composition or amount of credits that may affect the amount of the statutory deficiency that remains unpaid.

Petitioners' and respondent's arguments are, in some respects, generally correct. Before this Court's authorization to hear collection matters, the credits, payments, and collection-related matters were without this Court's statutory jurisdiction. With the enactment of sections 6320 and 6330, this Court acquired jurisdiction to hear collection matters where the Commissioner issues certain notices and taxpayers file petitions seeking review of the Commissioner's proposed collection action.

Unfortunately for petitioners the predicate for collection consideration is an administrative collection proceeding, a notice of determination, and a petition to this Court with

respect to the notice of determination.[4]  We also agree with petitioners that it may be inefficient to require two separate proceedings to resolve the deficiency determination and collection aspects for the same taxable year.  In many collection proceedings, it is first necessary to decide the amount of any deficiency before collection issues can arise.  In this case, however, the subject of the collection-related dispute arose before the deficiency determination.  Irrespective of that distinction, Congress has not empowered this Court to consider petitioners' collection matters in this deficiency proceeding.

To reflect the foregoing,

<u>Decision will be entered for respondent in the amount of the agreed deficiency</u>.

---

[4]We note, however, that sec. 301.6402-3(a)(6), Proced. & Admin. Regs., in accord with sec. 6402, authorizes the Commissioner to override a taxpayer's instructions to apply overpayments or credits and to apply them against "any outstanding liability for any tax".  Accordingly, it is questionable whether petitioners would be successful in pursuing respondent's decision to override their overpayment directions on their 2004 Federal income tax return.